No. 21-3830
_____

IN THE
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
_____

UNITED STATES,
Plaintiff-Appellee,

v.

PATRICK WEBB, JR.,
Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Iowa
Case No. 2:20-CR-01018-001

_____

APPELLANT'S ADDENDUM
_____

Murdoch Walker, II. Esq.
Ga. Bar No. 163417
Bingzi Hu, Esq.
Ga. Bar No. 455315

Lowther | Walker LLC
101 Marietta St., NW, Ste. 3325
Atlanta, GA 30303
404.496.4052
www.lowtherwalker.com

**Attorneys for Patrick Webb, Jr.**

# TABLE OF CONTENTS

Judgment in a Criminal Case .................................................................…A 1

Commitment Order .............................................................................…A 8

Jury Instruction 11 ..............................................................................A10

Jury Instruction 14 ..............................................................................A11

Jury Instruction 27 ..............................................................................A12

# UNITED STATES DISTRICT COURT
## Northern District of Iowa

| UNITED STATES OF AMERICA | ) **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | ) Case Number: **0862 2:20CR01018-001** |
| **PATRICK MILLER WEBB, JR.** | ) USM Number: **18451-029** |
| | ) **Murdoch Walker, II** |
| | Defendant's Attorney |

■ **ORIGINAL JUDGMENT**
☐ **AMENDED JUDGMENT**  Date of Most Recent Judgment:

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

■ was found guilty on count(s)  **1, 2, and 3 of the Superseding Indictment filed on January 21, 2021**
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 851, and 860(a) | Distribution of a Controlled Substance Near a Protected Location | 12/12/2019 | 1 |
| 18 U.S.C. § 924(c)(1) | Possession of a Firearm in Furtherance of a Drug Trafficking Crime | 12/12/2019 | 2 |
| 18 U.S.C. §§ 922(g)(1), 922(g)(3), and 924(a)(2) | Possession of a Firearm by a Prohibited Person | 12/12/2019 | 3 |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ is/are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

**C.J. Williams**
**United States District Court Judge**
Name and Title of Judge

**December 3, 2021**
Date of Imposition of Judgment

*[Signature of Judge]*

**December 6, 2021**
Date

DEFENDANT: **PATRICK MILLER WEBB, JR.**
CASE NUMBER: **0862 2:20CR01018-001**

# PROBATION

☐ The defendant is hereby sentenced to probation for a term of:

# IMPRISONMENT

■ The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
**380 months. This term of imprisonment consists of a 320-month term imposed on Count 1 and a 120-month term imposed on Count 3, to be served concurrently, and a 60-month term imposed on Count 2 of the Superseding Indictment, to be served consecutively to the concurrent terms imposed on Counts 1 and 3. It is ordered that the term of imprisonment for the instant offense be served consecutively to the undischarged term of imprisonment imposed for the case set forth in paragraph 41 of the presentence report (Polk County, Iowa, Case No. FECR296376), pursuant to USSG §5G1.3(d).**

■ The court makes the following recommendations to the Federal Bureau of Prisons:
**It is recommended that the defendant be designated to a Bureau of Prisons facility as close to the defendant's family as possible, commensurate with the defendant's security and custody classification needs.**

**It is recommended that the defendant participate in the Bureau of Prisons' 500-Hour Comprehensive Residential Drug Abuse Treatment Program or an alternate substance abuse treatment program.**

■ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant must surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant must surrender for service of sentence at the institution designated by the Federal Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the United States Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: **PATRICK MILLER WEBB, JR.**
CASE NUMBER: **0862 2:20CR01018-001**

# SUPERVISED RELEASE

■ Upon release from imprisonment, the defendant will be on supervised release for a term of:
**10 years. This term of supervised release consists of a 10-year term imposed on Count 1, a 5-year term imposed on Count 2, and a 3-year term imposed on Count 3 of the Superseding Indictment, to be served concurrently.**

# MANDATORY CONDITIONS OF SUPERVISION

1) The defendant must not commit another federal, state, or local crime.

2) The defendant must not unlawfully possess a controlled substance.

3) The defendant must refrain from any unlawful use of a controlled substance.
   The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

   ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future controlled substance abuse. *(Check, if applicable.)*

4) ■ The defendant must cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

5) ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, and/or is a student, and/or was convicted of a qualifying offense. *(Check, if applicable.)*

6) ☐ The defendant must participate in an approved program for domestic violence. *(Check, if applicable.)*

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervision, the defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1) The defendant must report to the probation office in the federal judicial district where the defendant is authorized to reside within 72 hours of the time the defendant was sentenced and/or released from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2) After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed. The defendant must also appear in court as required.

3) The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4) The defendant must answer truthfully the questions asked by the defendant's probation officer.

5) The defendant must live at a place approved by the probation officer. If the defendant plans to change where the defendant lives or anything about the defendant's living arrangements (such as the people the defendant lives with), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6) The defendant must allow the probation officer to visit the defendant at any time at the defendant's home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observes in plain view.

7) The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about the defendant's work (such as the defendant's position or the defendant's job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8) The defendant must not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9) If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10) The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11) The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12) As directed by the probation officer, the defendant must notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and must permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

13) The defendant must follow the instructions of the probation officer related to the conditions of supervision.

DEFENDANT: **PATRICK MILLER WEBB, JR.**
CASE NUMBER: **0862 2:20CR01018-001**

# SPECIAL CONDITIONS OF SUPERVISION

*The defendant must comply with the following special conditions as ordered by the Court and implemented by the United States Probation Office:*

1. **The defendant must submit the defendant's person, property, house, residence, vehicle, papers, computers [as defined in 18 U.S.C. § 1030(e)(1)], other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. The United States Probation Office may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.**

2. **The defendant must participate in a substance abuse evaluation. The defendant must complete any recommended treatment program, which may include a cognitive behavioral group, and follow the rules and regulations of the treatment program. The defendant must participate in a program of testing for substance abuse. The defendant must not attempt to obstruct or tamper with the testing methods.**

3. **The defendant must not use or possess alcohol. The defendant is prohibited from entering any establishment that holds itself out to the public to be a bar or tavern without the prior permission of the United States Probation Office.**

4. **The defendant must participate in an evaluation for anger management and/or domestic violence. The defendant must complete any recommended treatment program, and follow the rules and regulations of the treatment program.**

5. **If not employed at a lawful type of employment as deemed appropriate by the United States Probation Office, the defendant must participate in employment workshops and report, as directed, to the United States Probation Office to provide verification of daily job search results or other employment related activities. In the event the defendant fails to secure employment, participate in the employment workshops, or provide verification of daily job search results, the defendant may be required to perform up to 20 hours of community service per week until employed.**

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them. Upon a finding of a violation of supervision, I understand the Court may: (1) revoke supervision; (2) extend the term of supervision; and/or (3) modify the condition of supervision.

_____     _____
Defendant                                                                                                       Date

_____     _____
United States Probation Officer/Designated Witness                                    Date

DEFENDANT: **PATRICK MILLER WEBB, JR.**
CASE NUMBER: **0862 2:20CR01018-001**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | AVAA Assessment[1] | JVTA Assessment[2] | Fine | Restitution |
|---|---|---|---|---|---|
| **TOTALS** | $ 300 | $ 0 | $ 0 | $ 0 | $ 0 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss[3]** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

**TOTALS** $ _____ $ _____

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

[1] Amy, Vicky, and Any Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
[2] Justice for Victims of Trafficking Act of 2015, 18 U.S.C. § 3014.
[3] Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ $ **300** due immediately;

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant must pay the cost of prosecution.
☐ The defendant must pay the following court cost(s):
☐ The defendant must forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal No. 20-CR-1018 |
| v. ) | |
| PATRICK MILLER WEBB JR. ) | |

## APPLICATION FOR WRIT OF HABEAS CORPUS

The undersigned attorney hereby applies to the Court for the issuance of a Writ of Habeas Corpus

[✓] Ad Prosequendum     [ ] Ad Testificandum

Name of Detainee: Patrick Miller Webb Jr.     Inmate ID 6005648

Detained at: Clarida Correctional Facility     in the custody of Warden Stephen Weis

Detainee is:    a.) [✓] charged in this District by: [✓] Indictment [ ] Information [ ] Complaint
Charging Detainee with:
Distribution Near a Protected Location in violation of 21 U.S.C. 841(a)(1) & 860(a).

or     b.) [ ] a witness not otherwise available by ordinary process of the Court.

and Detainee will:    a.) [ ] return to the custody of detaining facility upon conclusion of said proceedings.

or     b.) [✓] be retained in federal custody until final disposition of federal charges.

Appearance is necessary on forthwith     at _____

in:     [✓] Cedar Rapids    [ ] Sioux City

/s/ Alexander J. Geocaris

06/16/2020
Date

Special Assistant United States Attorney
Phone: 319-363-6333

## ORDER FOR WRIT OF HABEAS CORPUS

[✓] Ad Prosequendum     Ad Testificandum

The above application is granted and the above-named custodian, as well as the United States Marshal for this district, is hereby ORDERED to produce the named detainee, on the date and time recited above, and at any further proceedings to be had in this cause, and at the conclusion of said proceedings to return said detainee to the above-named custodian.

June 16, 2020
Date

United States District/Magistrate Judge

I hereby certify and return I
Have executed this writ in
whole or part by conveying
the within stated inmates:

From _Clarinda Corr. Fac._

On _06/30/2020_

To _N Iowa_

On _06/30/2020_

_Douglas J. Striker_
United States Marshal

_N_ District of _Iowa_

By _[signature]_
Title

---

I hereby certify and return I
Have executed this writ in
whole or part by conveying
the within stated inmates:

From _N Iowa_

On _2/4/22_

To _Clarinda Corr. Fac._

On _2/4/22_

_Christopher Barner_
United States Marshal

_N_ District of _Iowa_

By _[signature]_
Title

## INSTRUCTION NO. 11

The crime of distributing 50 grams or more of actual (pure) methamphetamine, a Schedule II controlled substance, as charged in Count 1 of the Indictment, has three essential elements, which are:

*One*, on or about December 12, 2019, in the Northern District of Iowa, the defendant intentionally transferred actual (pure) methamphetamine to another person;

*Two*, at the time of transfer the defendant knew that it was a controlled substance; and

*Three*, the amount the defendant transferred was 50 grams or more of actual (pure) methamphetamine.

It is not necessary that the government prove the defendant knew the substance was actual (pure) methamphetamine, as long as the government proves that the defendant knew the substance was controlled substance.

For you to find the defendant guilty of this crime, the government must prove the first two elements beyond a reasonable doubt; otherwise, you must find the defendant not guilty of the crime charged in Count 1 of the Indictment. If you find the defendant committed the first two elements, you will be asked to make a finding as to the drug quantity.

A010

Appellate Case: 21-3830   Page: 12   Date Filed: 03/16/2022   Entry ID: 5137126

## INSTRUCTION NO. 14

If you find the defendant guilty of distributing actual (pure) methamphetamine as alleged in Count 1, you must determine whether the location at which the crime occurred was within 1,000 feet of the real property comprising a playground. The 1,000-foot zone can be measured in a straight line from the playground irrespective of actual pedestrian travel routes. The government does not have to prove that the defendant agreed, knew, or intended that the offense would take place within 1,000 feet of a playground.

The term "playground" means any outdoor facility (including any parking lot appurtenant thereto) intended for recreation, open to the public, and with any portion thereof containing three or more separate apparatus intended for the recreation of children including, but not limited to, sliding boards, swingsets, and teeterboards.

A011

## INSTRUCTION NO. 27

One of the issues in this case is whether the defendant was entrapped. The government has the burden of proving beyond a reasonable doubt that the defendant was not entrapped by showing either: (1) the defendant was willing to commit the crime charged in each count before he was approached or contacted by Josh Walker, acting for the government; or (2) Josh Walker, acting for the government, did not persuade or talk the defendant into committing the crimes charged. If you find that the government proved at least one of these two things beyond a reasonable doubt, then you must reject the defendant's claim of entrapment. If you find that the government failed to prove at least one of these two things beyond a reasonable doubt, then you must find the defendant not guilty.

The law allows the government to use undercover agents, deception, and other methods to present a person already willing to commit a crime with the opportunity to commit a crime, but the law does not allow the government to persuade an unwilling person to commit a crime. Simply giving someone a favorable opportunity to commit a crime is not the same as persuading him.

You are to consider this instruction as to each charge individually and may reach the same or a different conclusion as to each charge.

Thus, as to the crime of distributing methamphetamine charged in Count 1 of the indictment, if you find the government proved all of the elements beyond a reasonable doubt (as those elements have been described in Instruction No. 11), and if you further find the government has proved beyond a reasonable doubt that the defendant was not entrapped (as defined in in this instruction), then you must find the defendant guilty of the crime charged; otherwise you must find the defendant not guilty of this crime.

**(CONTINUED)**

## INSTRUCTION NO. 27 (Cont'd)

Likewise, as to the crime of possessing a firearm in furtherance of a drug trafficking crime charged in Count 2 of the indictment, if you find the government proved all of the elements beyond a reasonable doubt (as those elements have been described in Instruction No. 16), and if you further find the government has proved beyond a reasonable doubt that the defendant was not entrapped (as defined in in this instruction), then you must find the defendant guilty of the crime charged; otherwise you must find the defendant not guilty of this crime.

Likewise, as to the crime of possession of a firearm as a prohibited person as charged in Count 3 of the indictment, if you find the government proved all of the elements beyond a reasonable doubt (as those elements have been described in Instruction No. 17), and if you further find the government has proved beyond a reasonable doubt that the defendant was not entrapped (as defined in in this instruction), then you must find the defendant guilty of the crime charged; otherwise you must find the defendant not guilty of this crime.

You must consider each charge separately and return a separate verdict as to each count.

# CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by way of the CM/ECF system, which automatically will serve this document on the attorneys of record for the parties in this case by electronic mail.

Date: March 16, 2022

    Respectfully submitted,

***s/ Bingzi Hu, Esq.***
Bingzi Hu, Esq.
Ga. Bar # 455315
bhu@lowtherwalker.com

Lowther | Walker LLC
101 Marietta St., NW, Ste. 3325
Atlanta, GA 30303
404.496.4052
www.lowtherwalker.com

Attorney for Patrick Webb, Jr.