No. 21-3830
_____

IN THE
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
_____

UNITED STATES,
Plaintiff-Appellee,

v.

PATRICK WEBB, JR.,
Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Iowa
Case No. 2:20-CR-01018-001

_____

APPELLANT'S REPLY BRIEF
_____

**Murdoch Walker, II. Esq.**
Ga. Bar No. 163417
**Bingzi Hu, Esq.**
Ga. Bar No. 455315

**Lowther | Walker LLC**
101 Marietta St., NW, Ste. 3325
Atlanta, GA 30303
404.496.4052
www.lowtherwalker.com

**Attorneys for Patrick Webb, Jr.**

Appellate Case: 21-3830     Page: 1     Date Filed: 07/11/2022 Entry ID: 5175737

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................. i

TABLE OF AUTHORITIES ............................................................ ii

INTRODUCTION ........................................................................ 1

ARGUMENT .............................................................................. 2

    I.   The Government Effectively Acknowledges that the District Court's Jury Instructions as to Count 1 Were Erroneous ........................................... 2

    II.  The Government Effectively Supports Mr. Webb's Ineffective Assistance of Counsel Claim ................................................................. 3

CONCLUSION ........................................................................... 4

CERTIFICATE OF COMPLIANCE ................................................. 5

CERTIFICATE OF SERVICE ......................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*In re Winship*, 397 U.S. 358 (1970) ................................................................. 3

*Strickland v. Washington,* 466 U.S. 668 (1984) ............................................. 3, 4

# INTRODUCTION

On March 16, 2022, Mr. Webb filed his Appellant's Brief, submitting the following claims: (1) the district court failed to instruct the jury on an essential "protected location element" of the 21 U.S.C. § 860 violation charged in count 1; (2) Mr. Webb was denied of a complete entrapment defense due to operation of the erroneous jury instructions; (3) trial counsel was constitutionally ineffective for failing to object to the the court's erroneous jury instructions; and, (4) Mr. Webb's sentence is procedurally and substantively unreasonable.

On June 6, 2022, the Government filed its Appellee's Brief. In its brief, the Government primarily argues that Mr. Webb waived the erroneous jury instruction claim because he did not object to the relevant jury instructions at trial, and that the district court's instructions regarding Count 1 were not plainly erroneous.

Mr. Webb submits that the Government's efforts in undermining his arguments must fail for the reasons and authorities detailed herein below. Rather, the critical facts and circumstances at his trial clearly demonstrates that the district court's errors violated his constitutional rights to due process and to a fair trial.

# ARGUMENT

## I. The Government Effectively Acknowledges that the District Court's Jury Instructions as to Count 1 Were Erroneous.

In its Brief, the Government does not dispute that the "protected location element" constitutes an essential element of a 21 U.S.C. § 860 violation charged in count 1. *See generally,* Appellee's Brief.

However, it argues that the district court charged the "protected location element" to the jury by providing Jury Instruction No. 14. Appellee's Brief, 30-31. The Government contends that those jury instructions were proper and sufficient because "Jury Instruction No. 11 provided three elements for Count 1, and Jury Instruction No. 14 instructed the jury to make a finding on the protected location question." *Id*. at 24.

Mr. Webb submits that even a cursory review of Jury Instruction No. 14 reveals the district court's plain error in this regard. The entirety of Jury Instruction No. 14 reads as follows:

> ***If you find the defendant guilty of distributing actual (pure) methamphetamine as alleged in Count 1***, you must determine whether the location at which the crime occurred was within 1,000 feet of the real property comprising a playground. The 1,000-foot zone can be measured in a straight line from the playground irrespective of actual pedestrian travel routes. The government does not have to prove that the defendant agreed, knew, or intended that the offense would take place within 1,000 feet of a playground.
>
> The term "playground" means any outdoor facility (including any parking lot appurtenant thereto) intended for recreation, open to the public, and with any portion thereof containing three or more separate apparatus intended for the recreation of children including, but not limited to, sliding boards, swingsets, and teeterboards.

Jury Instructions, ECF No. R. Doc. 74 at 17 (emphasis added).

2

Thus, as the district court instructed, the jury was to determine on the protected location issue ***only after*** they have found Mr. Webb guilty on Count 1. This is entirely different to requiring the jury to determine whether the evidence is sufficient on the protected location issue ***prior to and as an essential element of*** Count 1.

By heavily relying on the inclusion of Jury Instruction No. 14, the Government effectively acknowledges that the district court's jury instructions as to Count 1 were erroneous. Consequently, the erroneous jury instructions deprived Mr. Webb of his constitutional right to a fair trial. *See In re Winship*, 397 U.S. 358 (1970)(Due Process Clause requires the prosecution in criminal cases to prove guilt beyond a reasonable doubt.)

## II. The Government Effectively Supports Mr. Webb's Ineffective Assistance of Counsel Claim.

In its Brief, the Government argues that Mr. Webb waived his erroneous jury instruction claim because he did not object to the relevant jury instructions at trial. Appellee's Brief, 27-29.

Mr. Webb submits not only that his claim is not waived, more importantly, the Government's assertion effectively supports his ineffective assistance of counsel claim by acknowledging that former defense counsel failed to object to such obviously erroneous instructions. This satisfies the prejudice prong of the *Strickland* test. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Moreover, should this Court conclude that Mr. Webb waived the erroneous jury instruction claim, this Court should then find his former counsel

3

ineffective because counsel's deficiency apparently prejudiced Mr. Webb's assertion of claims at the instant appeal. *Id*.

## CONCLUSION

Mr. Webb respectfully requests, based on the foregoing, that this Court vacate his convictions and sentence and remand for further proceedings.

Date: July 11, 2022

Respectfully submitted,

***s/ Murdoch Walker II, Esq.***
Murdoch Walker, II. Esq.
Ga. Bar No. 163417
mwalker@lowtherwalker.com

***s/ Bingzi Hu, Esq.***
Bingzi Hu, Esq.
Ga. Bar # 455315
bhu@lowtherwalker.com

Lowther | Walker LLC
101 Marietta St., NW, Ste. 3325
Atlanta, GA 30303
404.496.4052
www.lowtherwalker.com

Attorneys for Patrick Webb, Jr.

## CERTIFICATE OF COMPLIANCE

This document complies with the type volume limited of Fed R. App. P. 32(a)(7)(B), the word limit of Fed. R. App. P. 5(c)(1) because, excluding the parts of the document exempted by Fed R. App. P. 32(f), this document contains 762 words.

This document complies with the typeface requirements of Fed R. App. P.32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Mac version 16.45 in Book Antique font, 13 pt.

The brief has been scanned for viruses and it is virus free.

Date:	July 11, 2022

                                         Respectfully submitted,

                                         ***s/ Bingzi Hu, Esq.***
                                         Bingzi Hu, Esq.
                                         Ga. Bar # 455315
                                         bhu@lowtherwalker.com

                                         Lowther | Walker LLC
                                         101 Marietta St., NW, Ste. 3325
                                         Atlanta, GA 30303
                                         404.496.4052
                                         www.lowtherwalker.com

                                         Attorney for Patrick Webb, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by way of the CM/ECF system, which automatically will serve this document on the attorneys of record for the parties in this case by electronic mail.

Date: July 11, 2022

Respectfully submitted,

***s/ Bingzi Hu, Esq.***
Bingzi Hu, Esq.
Ga. Bar # 455315
bhu@lowtherwalker.com

Lowther | Walker LLC
101 Marietta St., NW, Ste. 3325
Atlanta, GA 30303
404.496.4052
www.lowtherwalker.com

Attorney for Patrick Webb, Jr.